Pinkie A. BROWN, Plaintiff,

v.

RETIREMENT COMMITTEE OF the BRIGGS & STRATTON RETIREMENT PLAN, the First Wisconsin Trust Company, a Wisconsin corporation, Trustee of the Briggs & Stratton Retirement Trust and Briggs & Stratton Corporation, a foreign corporation, Defendants.

Civ. A. No. 82–C–728.

United States District Court, E.D. Wisconsin.

Dec. 1, 1983.

William A. Nohr, Milwaukee, Wis., for plaintiff.

David R. Cross, Milwaukee, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action to recover disability benefits allegedly due under a retirement plan. It was originally brought in Milwaukee County Circuit Court, but was removed to this court on June 15, 1982. Plaintiff's motion to remand was denied, because the court has jurisdiction under § 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132. The defendants have now moved (1) for summary judgment; (2) to dismiss the First Wisconsin Trust Company as a defendant; and (3) to strike the plaintiff's jury demand. The first motion is denied, the latter two are granted, and the Court remands the case to the Retirement Committee of the Briggs & Stratton Retirement Plan *sua sponte*.

### I.

Defendant Briggs & Stratton Corporation ("Briggs & Stratton") hired plaintiff on September 23, 1968. Plaintiff's duties at Briggs & Stratton changed from time to time, but her work might generally be described as semi-skilled assembly line work on motors and mufflers.

During the term of plaintiff's employment, Briggs & Stratton maintained an employee retirement benefit plan. The plan is governed by the provisions of ERISA. Section 4.04 of the plan provides that an employee is eligible for disability benefits ". . . if his employment is terminated by reason of disability after he has completed ten or more years of service." "Disability," in turn, is defined as "[t]otal and permanent disability as determined by the Employer or an affiliated employer." Applications for benefits are received and reviewed by the defendant Retirement Committee of the Briggs & Stratton Retirement Plan

("Retirement Committee"). The Retirement Committee consists of three persons, including a Dr. Curtis, who is the medical director at Briggs & Stratton. The plan also provides a process for review of denials of benefit claims.

At some point during her employment, plaintiff contracted a disease affecting her hands. She began to observe symptoms in autumn of 1976. Her affliction led to a condition known as carpal tunnel syndrome, a disorder of the median nerve of the hands. The plaintiff also suffered De-Quervain's disease in her right hand. The afflictions have affected the fingers in both hands and particularly her right thumb. Specifically, there has been a considerable loss of movement and gripping ability, and plaintiff's attempts at using her right thumb are accompanied by sensations of pain.

On December 17, 1976, plaintiff was examined by Dr. Alejandro Vinluan. After undergoing treatment, including surgery, plaintiff attempted unsuccessfully to resume her work. Plaintiff continued to undergo treatment by Dr. Vinluan, and was hospitalized on several occasions. During this time, she was also examined by a Dr. Supapodok.

In June of 1980, plaintiff complied with another order to return to work, but had to stop because of the pain in her hands. Dr. Curtis advised that plaintiff "return to therapy." On October 17, 1980, plaintiff was examined by a Dr. Jack Teasley in conjunction with her workers' compensation claim. Dr. Teasley assessed plaintiff's loss in her hands, and recommended that plaintiff not be assigned work requiring strong grasping or pinching or repetitive motions of the thumb and fingers.

On September 17, 1980, plaintiff and her attorney appeared before a State of Wisconsin hearing examiner for the purpose of determining the nature and extent of plaintiff's disability in connection with her workers' compensation claim. Plaintiff offered medical reports by Drs. Vinluan and Supapodok, and a vocational study by a Professor Lawrence Blum. Dr. Vinluan also testified at the hearing and, in an offer of proof, opined that plaintiff was incapable of gainful employment. On April 14, 1981, the hearing examiner issued his findings of fact, and ordered Briggs & Stratton to pay compensation to plaintiff.

Meanwhile, on March 26, 1981, plaintiff applied to the Retirement Committee for disability benefits. She did not have the assistance of counsel in connection with this application. However, she was given an opportunity to submit pertinent medical records.

By letter of April 22, 1981, the Briggs & Stratton Workers' Compensation Department advised plaintiff that based on Dr. Teasley's report, she was capable of returning to work and that work she would be able to perform was available. The letter advised plaintiff that if she did not return to work within five days, she would be discharged. Plaintiff failed to report to work, and was subsequently discharged.

At or about that time, the Retirement Committee reviewed plaintiff's application for benefits. Plaintiff was not given a notice of any committee meeting, because no meetings were held: the three committee members discussed the application during a series of telephone conversations. The Committee considered the application in light of Dr. Teasley's report, one of Dr. Vinluan's reports, the workers' compensation hearing examiner's decision, and the opinion of Dr. Curtis. The Committee decided that plaintiff was not disabled, and informed her that her claim for benefits had been denied by letter of June 2, 1981. The letter advised plaintiff that "[a]ccording to medical information and subsequent investigation, you are not totally and permanently disabled." The letter did not inform plaintiff of the specific information the Retirement Committee had relied upon in reaching its decision, or how plaintiff might correct evidentiary deficiencies.

Plaintiff appealed the denial, this time with the assistance of counsel. She did not submit any new medical information. The appeal was denied, and this action ensued.

A decision to deny benefits under a plan covered by ERISA will be overturned when found to be (1) arbitrary and capricious, (2) not supported by substantial evidence, or (3) erroneous on a question of law. *Wolfe v. J.C. Penney Co.*, 710 F.2d 388 at 393 (7th Cir.1983). In reviewing the decision to deny benefits, a court must focus on the evidence before the decisionmaking committee at the time of its final decision; it may not hold a factual hearing *de novo* on the question of the applicant's eligibility. *Wardle v. Central States, Southeast and Southwest Areas Pension Fund*, 627 F.2d 820 (7th Cir.1980) *cert. denied*, 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981). If the court receives evidence that was not presented to the decisionmaking committee and would support a different result, the court should remand the matter to the committee for a new determination. *Id.*

The Court recognizes, however, that a committee could act arbitrarily and capriciously by purposefully refusing to consider evidence that favored one party and basing its decision solely on evidence favorable to the other. *See, e.g., Toland v. McCarthy*, 499 F.Supp. 1183 (D.Mass.1980). The committee cannot insulate its decision from review simply by developing a one-sided record. Rather, it has a limited duty to employ fair procedures and, if necessary, to investigate evidence bearing upon the claim. *Id., Wolfe v. J.C. Penney Co.*, at 394.

On this record, I cannot say that the defendants are entitled to judgment as a matter of law. First, the letter to plaintiff informing her that her claim had been denied does not meet the level of specificity required by 29 C.F.R. § 2560.503–1(f), because it gives merely a conclusion, not a reason, for the denial. *Wolfe v. J.C. Penney Co.*, at 392. The aforementioned regulation must be satisfied if defendants can be held to have complied with 29 U.S.C. § 1133. *Id.* at 392.

Second, the review procedures employed here do not strike me as altogether satisfactory. The fact that a series of telephone conversations took the place of a formal meeting suggests that the review was cursory. More importantly, Dr. Curtis, a Retirement Committee member who was also active in Briggs & Stratton's Workers' Compensation Department, had access to the reports of Dr. Vinluan that supported plaintiff's claim, yet the Retirement Committee did not consider these. In view of the Retirement Committee's failure to comply with § 1133, and its failure to consider evidence that one of its members had access to, the motion for summary judgment must be denied.

## II.

The defendants base their motion to dismiss the First Wisconsin Trust Company ("First Wisconsin") as a defendant on the ground that it is not responsible for the acts and omissions of its cofiduciaries under the Plan. Plaintiff responds that if First Wisconsin is dismissed, she may encounter difficulties in enforcing a judgment in her favor, because First Wisconsin is the Plan's disbursing agent. I find no adequate grounds for requiring First Wisconsin to continue in its defensive posture at this time.

The parties do not dispute that First Wisconsin, as trustee, is charged with the duty of managing the Plan's trust assets. Article VII, Section 8.1 of the Plan provides, "[t]he Trustee shall have the responsibility for the administration of the Trust and the management of the assets held under the Trust, all as specifically provided in the Trust Agreement." That section also provides that the Retirement Committee "... shall have the sole responsibility for the administration of this Plan ..." and that the several fiduciaries designated in the Plan (the Retirement Committee, First Wisconsin, and Briggs & Stratton) need not inquire into the propriety of each others' directions and activities and are not responsible for each others' acts or omissions. It appears, therefore, that the decision to deny plaintiff's application was solely within the Retirement Committee's authority

and that any impropriety on the Committee's part could not be attributed to First Wisconsin.

Turning now to the complaint, the wrongdoing alleged therein consists of the Retirement Committee's refusal to pay the disability benefits in question. There is no allegation that First Wisconsin was involved in this decision, or that First Wisconsin has mismanaged the trust assets in any fashion. Therefore, the only substantial controversy exists between plaintiff and the Retirement Committee. *Compare, Boyer v. J.A. Majors Co. Employee Profit Sharing Plan,* 481 F.Supp. 454 (N.D.Ga. 1979) (in action against profit sharing plan, employer, and trustee bank, claim against employer was dismissed in absence of evidence that employer participated in plan administration) Moreover, I am confident that a judgment against the Retirement Committee would adequately protect the plaintiff's alleged right to her disability benefits. The motion to dismiss First Wisconsin is therefore granted.

## III.

Defendants urge that *Wardle v. Central States, Southeast and Southwest Areas Pension Fund, supra,* is dispositive of their motion to strike the plaintiff's jury demand. Plaintiff, in turn, seeks to distinguish *Wardle* on the grounds that she initially brought her claim in state court on a breach of contract theory, and an action for breach of contract is an action at law. The fact that this court has jurisdiction pursuant to the removal statute, in her view, does not extinguish her contract claim and the attendant right to a jury trial. The defendants' motion is granted.

The Seventh Circuit's holding in *Wardle* is decisive on this point. The court therein held that, in light of the structure and history of ERISA and in light of prior caselaw, actions by disappointed applicants for pension benefits are equitable in nature and there is thus no attendant right to a jury trial. In *Wardle,* as in the present case, judicial inquiry was limited to whether the initial decision to deny benefits was arbitrary and capricious, which is a standard traditionally applied by the judge. The court also observed that "... the limited scope of review bespeaks a legislative scheme granting initial discretionary decisionmaking to bodies other than the federal courts, with which federal jury trials have proved incompatible." 627 F.2d at 830 (citation omitted).

The fact that plaintiff brought her claim initially as a breach of contract action in state court offers no support for her position. While 29 U.S.C. § 1132(e)(1) provides for concurrent jurisdiction in state courts of claims such as plaintiff's, 29 U.S.C. § 1144(a) clearly preempts preexisting state laws insofar as they "relate to" employee benefit plans covered by ERISA. In view of § 1144(a)'s broad preemptive effect, *see Shaw v. Delta Air Lines, Inc.,* — U.S. —, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983), I disagree with plaintiff's implicit assumption that a common law contract action survives Congress's grant of a civil right of action under 29 U.S.C. § 1132(a)(1)(B). *See Dependahl v. Falstaff Brewing Co.,* 653 F.2d 1208 (8th Cir.), *cert. denied,* 454 U.S. 968, 102 S.Ct. 512, 70 L.Ed.2d 384 (1981) (ERISA preempts state law cause of action for tortious interference with contract insofar as it relates to pension benefit plans). Thus, if plaintiff stated a claim, she necessarily stated a claim under 29 U.S.C. § 1132(a)(1)(B), and the action is governed by ERISA and interpretive case law. It follows that plaintiff does not have a right to a jury trial, despite an effort to frame her action in terms of a body of law to which that right traditionally attaches. Accordingly, defendants' motion to strike plaintiff's jury demand is granted.

## IV.

Having found the Retirement Committee's conduct to be procedurally and substantively unsatisfactory, I find no basis for further proceedings in this Court. To remand the claim to the Retirement Committee at this juncture would not be an empty formality, given the possibility that

a full and fair consideration of the available evidence might lead to a result favorable to plaintiff. Therefore, the Court will remand the action to the Retirement Committee.

THEREFORE, IT IS ORDERED that defendants' motion for summary judgment is hereby denied.

IT IS FURTHER ORDERED that the defendants' motions to dismiss the First Wisconsin Trust Company and to strike plaintiff's jury demand are hereby granted.

IT IS FURTHER ORDERED that this action is hereby remanded to the entire Retirement Committee of the Briggs & Stratton Retirement Plan for proceedings consistent with this decision.

IT IS FURTHER ORDERED that the Clerk of the United States District Court for the Eastern District of Wisconsin shall submit a Form JS–6 to the Administrative Office, closing this case for statistical purposes.