Frank G. DELISI, Jr., Plaintiff,

v.

UNITED PARCEL SERVICE, INC., Defendant.

Civ. A. No. 84–210.

United States District Court, W.D. Pennsylvania.

March 12, 1984.

Eugene J. Reinbold, Beck, McGinnis & Jarvis, Pittsburgh, Pa., for plaintiff.

Patrick W. Ritchey, Robert E. Sheeder, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendant.

## OPINION

WEBER, District Judge.

This action for wrongful discharge and denial of disability benefits was removed from the Court of Common Pleas of Alle-

gheny County. Defendant has now moved for summary judgment on various grounds. Because there is no disputed issue of material fact, and for the reasons stated below, summary judgment is appropriate.

## FACTS

Plaintiff was employed by United Parcel Service (UPS) for sixteen (16) years, most recently as a deliveryman. Plaintiff is a member of the Teamsters union, which along with UPS is a signatory to the National Master Freight Agreement (NMFA) and Local Supplement. Plaintiff was covered by the UPS Pension Plan.

On three separate occasions, the first in 1976, plaintiff was institutionalized in mental hospitals. A portion of his medical expenses was covered by the benefits plan. Plaintiff asserts that his mental condition arises from an incident in 1976 when a close friend and coworker was killed in an explosion while unsuspectingly delivering a package bomb.

Plaintiff returned to work at UPS between bouts in the hospital. On December 15, 1981, plaintiff was again institutionalized. He applied for a disability pension but instead was discharged by UPS on January 28, 1982, allegedly for refusing to follow management's instructions.

Plaintiff filed a written grievance under the NMFA on February 3, 1982, protesting his discharge. On March 18, 1982 the Joint Committee issued a decision denying the grievance. Plaintiff did not appeal this decision.

Plaintiff filed this action in the state court on December 15, 1983. The complaint alleges that Plaintiff was discharged without just cause in violation of the NMFA for the purpose of depriving him of disability benefits under the UPS Pension Plan. This case was promptly removed to this court on the basis of diversity and federal question jurisdiction.

## ANALYSIS

■ Plaintiff's complaint clearly states a claim for wrongful discharge in violation of a bargaining agreement, the NMFA. Defendant urges the six month statute of limitations for claims under the LMRA as a bar to this claim. *DelCostello v. International Brotherhood of Teamsters,* —— U.S. ——, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Plaintiff argues that this is only a breach of contract action and the Pennsylvania limitations period for contract actions should apply. 42 Pa.C.S.A. § 5525. Plaintiff ignores the fact the contract which he claims has been breached is a collective bargaining agreement. The claim is therefore appropriately characterized as one arising under the LMRA. 29 U.S.C. § 185.

■ It is now settled that a plaintiff must file suit under the LMRA within six months of the conclusion of grievance proceedings. *DelCostello,* 103 S.Ct. 2281; *Perez v. Dana Corp.,* 718 F.2d 581 (3d Cir.1983) (6 month period applied retroactively); see also, *Whipkey v. Anchor Hocking Corp.,* No. 83–1300, slip op. (W.D.Pa. Jan. 28, 1984). Plaintiff has undisputedly exceeded that time period, filing this suit more than twenty (20) months after the decision of the Joint Committee. Summary judgment in favor of defendant on this claim is therefore appropriate.

Plaintiff contends that his complaint also states a claim under ERISA, 29 U.S.C. § 1001 et seq., alleging wrongful deprivation of his disability pension rights. Defendant insists that the complaint only states a claim under the LMRA because it challenges his discharge.

Defendant apparently forgets the contents of its own removal petition. Defendant there asserted federal question jurisdiction as a basis for removal because plaintiff's claim for pension benefits implicitly invoked ERISA.

■ ERISA provides various modes of civil enforcement in 29 U.S.C. § 1132. Furthermore, 29 U.S.C. § 1140 provides:

§ 1140. Interference with protected rights

It shall be unlawful for any person to discharge, ... a participant or beneficiary for exercising any right to which he

is entitled under the provisions of an employee benefit plan ... or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan. Clearly then plaintiff's allegation that he was discharged to prevent his receipt of pension benefits states a claim under ERISA. *See, Kross v. Western Electric Co., Inc.*, 701 F.2d 1238 (7th Cir.1983).

■■■ The question of the appropriate limitations period then arises with regard to an ERISA claim. Because ERISA contains no limitations period of its own, we must look to the most closely analogous state limitations period. *Board of Regents v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980); *Miles v. New York State Teamsters Conference*, 698 F.2d 593, 598 (2d Cir.1983). Faced with this question in the past, we have concluded that Pennsylvania's limitations period for contract actions is applicable to ERISA claims. *Livolsi v. City of New Castle*, 501 F.Supp. 1146 (W.D.Pa.1980). Plaintiff's complaint, insofar as it states a claim under ERISA, is therefore timely filed.

Defendant further argues that any ERISA claim should be dismissed for plaintiff's failure to exhaust administrative remedies. It is not disputed that plaintiff filed a grievance asserting that he was discharged in violation of the NMFA, that the joint committee rendered a decision adverse to the plaintiff, and that plaintiff did not appeal this decision to the next level in the grievance machinery.

■■■ As in LMRA actions, a plaintiff filing suit under ERISA must first exhaust all internal administrative remedies. *E.g. Kross v. Western Electric Co., Inc.*, 701 F.2d 1238 (7th Cir.1983); *Amato v. Bernard*, 618 F.2d 559 (9th Cir.1980); *Scheider v. United States Steel Corp.*, 486 F.Supp. 211 (W.D.Pa.1980); *Lucas v. Warner & Swasey Co.*, 475 F.Supp. 1071 (E.D.Pa. 1979); [1974] U.S.Code Cong. & Admin. News, pp. 5038, 5107. The policy underpinnings of the exhaustion requirement are well stated elsewhere. *E.g. Republic Steel Corp. v. Maddox*, 379 U.S. 650, 85 S.Ct.

614, 13 L.Ed.2d 580 (1965); *Amato*, 618 F.2d 559.

■■■ Plaintiff here did not invoke the administrative review mandated in ERISA, 29 U.S.C. § 1133, but did initiate a grievance for wrongful discharge under the NMFA. Because of the intertwining of the discharge and the deprivation of disability benefits, plaintiff apparently had two administrative avenues open to seek redress but failed to follow either to the end. A plaintiff alleging wrongful discharge to prevent attainment of pension rights who fails to exhaust administrative remedies available under the pension plan will find his suit barred. *Kross*, 701 F.2d 1238. Also, where plaintiffs fail to exhaust grievance proceedings under the collective bargaining agreement other than the pension plan, their ERISA claims will be dismissed. *Michota v. Anheuser-Busch, Inc.*, 526 F.Supp. 299, 321 (D.N.J.1980). (Failure to exhaust grievance on seniority dispute which also affected pension rights).

There is no allegation or evidentiary support for any of the exceptions to the exhaustion requirement. Plaintiff has failed to exhaust his administrative remedies and his ERISA claims will therefore be dismissed. The failure to exhaust also provides an alternative ground to bar plaintiff's LMRA claims. *Republic Steel*, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580.

■■■ Finally, plaintiff claims that the arbitrary and malicious discharge violates public policy and Pennsylvania due process. Defendant urges dismissal because such state claims are preempted by federal labor law.

Plaintiff's claims, regardless of the label attached, essentially allege a wrongful discharge for the purpose of depriving plaintiff of a disability pension. Two significant federal interests are impacted here and each has been addressed by comprehensive federal legislation. We cannot permit a litigant to employ state common law to avoid the mechanisms created by two landmark federal statutes and the strong preference expressed therein for private resolu-

tion of disputes through grievance procedures. *E.g. San Diego Building Trades Council v. Garmon,* 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959); *see also, Witkowski v. St. Anne's Hospital of Chicago, Inc.,* 113 Ill.App.3d 745, 69 Ill.Dec. 581, 447 N.E.2d 1016 (1983); 29 U.S.C. § 1144(a). Because plaintiff's common law claims are preempted by federal statute, they must be dismissed.

## CONCLUSION

For the reasons stated above, summary judgment in favor of the defendant will be entered on all claims. An appropriate order will issue.