**Lucille G. LESSARD, et al., Plaintiffs,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY, Defendant.**

Civ. No. 83–0091 P.

United States District Court, D. Maine.

Sept. 30, 1985.

Jon Holder, Holder & Grover, Portland, Me., and Hugh Calkins, Dover-Foxcroft, Me., for plaintiffs.

Howard H. Dana, Jr., Charles Kadish, Gregg H. Ginn, Verrill & Dana, Portland, Me., and Nancy Mayer, Asst. Gen. Counsel, Metropolitan Life Ins. Co., New York City, for defendant.

## OPINION AND ORDER OF REMAND

GENE CARTER, District Judge.

In this class action Plaintiff seeks payment of long-term disability benefits under the Borden, Inc. disability plan, which was funded by Metropolitan Group Policy No. 23501–GS. These benefits have either been withheld or recouped by Metropolitan as a result of Plaintiff's receipt of retroactive Social Security payments. Initially the case was brought in state court by Plaintiff Lessard, alleging in five counts breach of contract, breach of fiduciary duty and misrepresentation. After removal and denial of her motion for remand, Plaintiff Lessard amended the complaint to add claims under ERISA, the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.*, and the Social Security Act, 42 U.S.C. § 407. The case is currently before the Court on cross motions for summary judgment on Counts I, II and III. Count I alleges breach of the insurance contract under state common law. Count II alleges that Metropolitan breached its duties under ERISA. Count III alleges that Metropolitan has violated 42 U.S.C. § 407, which prohibits attempts to assign or transfer social security benefits.

## DISCUSSION

### I. COUNT I

A. *Preemption*

Metropolitan argues that it is entitled to summary judgment on Count I because

Plaintiffs' state law contract claims have been preempted by ERISA. Section 1144(a) of Title 29, United States Code, provides:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title. This section shall take effect on January 1, 1975.

State law is broadly defined "[f]or purposes of this section" to include "all laws, *decisions*, rules, regulations, or other State action having the effect of law." 29 U.S.C. § 1144 (emphasis added). Although the preemption mandated by 29 U.S.C. § 1144(a) is sweeping in scope, and would appear to operate on the common law claim set forth in Count I, section 1144 also sets forth an exemption to preemption which Plaintiffs assert is applicable here. Subsection (b)(2)(A) provides that "[e]xcept as provided in subparagraph (B), nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities." The question then posed is whether a state's common law of contracts is a law regulating insurance for purposes of the section 1144(b)(2) exemption.

■ Defendant first argues that Congress did not intend to exempt state decisional law in the insurance savings clause. It contends that Congress' intent to exempt only a narrow category of "law" was denoted by its use of the words "any law of any state." It is argued that if Congress had intended the same sweeping scope it intended in the preemption clause, it would have used the same words, "any and all State laws," that are used for that subsection. This argument is overly facile. Although the wording is slightly different, the meaning of the two phrases is and must be the same. The law of a state is the same as state law. And "any and all laws" can encompass no larger set of laws

than the phrase "any law." "Any and all" is a redundancy. Thus the Court concludes that in exempting from preemption any law of any state regulating insurance, Congress meant to exclude decisional law as well since decisional law is included in the statutory definition of state law. *See Eversole v. Metropolitan Life Insurance Co., Inc.*, 500 F.Supp. 1162, 1167 (C.D.Cal.1980).

Defendant also argues that decisional law is not within the purview of the insurance savings clause because that clause must be read consistently with the McCarran-Ferguson Act, 15 U.S.C. § 1012(a), a statute designed "to ensure that the States would continue to have the ability to tax and regulate the business of insurance." *Group Life and Health Insurance Co. v. Royal Drug Co.*, 440 U.S. 205, 217–18, 99 S.Ct. 1067, 1076–77, 59 L.Ed.2d 261 (1979). The McCarran-Ferguson Act states that "no act of Congress shall be construed to invalidate, impair or supersede any law *enacted* by any State for the purpose of regulating the business of insurance...." 15 U.S.C. § 1012(b). The language of that Act clearly refers only to statutory law regulating insurance.

In the recent case of *Metropolitan Life Insurance Co. v. Massachusetts*, —— U.S. ——, ——, 105 S.Ct. 2380, 2391, 85 L.Ed.2d 728, 743 (1985), the Supreme Court held that mandated-benefit laws, which regulate the substantive terms of insurance contracts, are saved from preemption by ERISA by the operation of the insurance saving clause. In so holding, the Court made plain in a note that ERISA and the McCarran-Ferguson Act are *in pari materia*:

> The ERISA saving clause, with its similarly worded protection of "any law of any State which regulates insurance," appears to have been designed to preserve the McCarran-Ferguson Act's reservation of the business of insurance to the States. The saving clause and the McCarran-Ferguson Act serve the same federal policy and utilize similar lan-

guage to define what is left to the States.

*Id.,* —— U.S. at ——, n. 21, 105 S.Ct. at 2392, n. 21, 85 L.Ed.2d at 743, n. 21; *see also Eversole,* 500 F.Supp. at 1168.

"[W]hat is left to the States" by both the McCarran-Ferguson Act and ERISA is regulation of the business of insurance. *See also Group Life and Health Insurance Co.,* 440 U.S. 205, 99 S.Ct. 1067. To allow state common law as well as state statutory law to effect that regulation is consonant with the purpose if not the specific language of the McCarran-Ferguson Act. As the Supreme Court stated so recently in *Metropolitan Life:*

> Initially, nothing in Section 514(b)(2)(A) [the insurance saving clause] or in the "deemer clause" which modifies it, purports to distinguish between traditional and innovative insurance laws. The *presumption is against preemption,* and we are not inclined to read limitations into the federal statutes in order to enlarge their preemptive scope.
>
> . . . .
>
> We, therefore, decline to impose any limitation on the saving clause beyond those Congress imposed in the clause itself and in the "deemer clause" which modifies it. If a state law "regulates insurance" as mandated benefit laws do, it is not preempted. Nothing in the language, structure or legislative history of the act supports a more narrow reading of the clause.

*Id.,* —— U.S. at ——, ——, 105 S.Ct. at 2389, 2392, 85 L.Ed.2d at 741, 744 (emphasis added).

Defendant asks the Court to ignore the explicit definition of state law set forth in ERISA's § 1144 and to seek a definition of the terms of the ERISA insurance saving clause in the McCarran-Ferguson Act., where the phrase "any law of any state" has not even been specifically defined. If it were to do so, the Court would be grasping for means to enlarge the preemptive scope of ERISA in the insurance context, a practice explicitly repudiated by the Supreme Court in *Metropolitan.* The Court finds, therefore, that the insurance savings clause exempts state decisional law from preemption as long as it "regulates insurance."

In *Metropolitan Life Insurance Co. v. Massachusetts* the Supreme Court reiterated several criteria established to aid in a determination of whether a practice which is regulated is the business of insurance:

> *"first,* whether the practice has the effect of transferring or spreading a policyholder's risk; *second,* whether the practice is an integral part of the policy relationship between the insurer and the insured; and *third,* whether the practice is limited to entities within the insurance industry."

*Id.,* —— U.S. at ——, 105 S.Ct. at 2391, 85 L.Ed.2d at 742 (*quoting Union Labor Life Insurance Co. v. Pireno,* 458 U.S. 119, 129, 102 S.Ct. 3002, 3008, 73 L.Ed.2d 647 (1982)). State contract law regulates the contract between insurer and insured by providing rules for interpretation and enforcement of the contract. The contract sets forth the relationship between the insurer and insured, and is the device by which the risk is assigned. The contract and its interpretation and enforcement have long been recognized by the Supreme Court as the core of the business of insurance. *Pireno,* 458 U.S. at 128, 102 S.Ct. at 3008; *Group Life & Health Insurance Co. v. Royal Drug Co.,* 440 U.S. 205, 99 S.Ct. 1067; *SEC v. National Securities, Inc.,* 393 U.S. 453, 89 S.Ct. 564, 21 L.Ed.2d 668 (1969). The common law contract claim asserted by Plaintiffs here seeks both interpretation and enforcement of the insurance contract issued by Defendant. As the Court stated in *Eversole:* "Since the claims which Plaintiff asserts against the insurance company are permitted under state law for the purpose of securing her interests as a policyholder, they should be treated as insurance regulation and saved from preemption." 500 F.Supp. at 1168–69.

Defendant has attempted to argue that this case is analogous to *Pireno,* in which the Supreme Court held that the use of a

chiropractic peer review board to provide advice to an insurance company on reasonable fees was not "the business of insurance." The analogy is faulty, however. As the Court itself stated, the use of the peer review board is not an integral part of the relationship between insurer and insured because "the challenged arrangement between the ULL and NYSCA is obviously distinct from ULL's contracts with its policyholders." *Pireno*, 458 U.S., at 131, 102 S.Ct. at 3009. Here the challenged practice, Metropolitan's interpretation of its contract with its policyholders, is the crux of the business of insurance.

The Court is not dissuaded from this result by the fact, pointed out by Defendant, that this Court has previously taken the position, in orders of the Magistrate and in an order of the Court affirming the Magistrate, that this case was brought entirely under ERISA. The Court departs from its previous rulings to apply the recent teaching of the Supreme Court concerning the presumption against preemption when dealing with insurance laws. *See Metropolitan Life Insurance Co. v. Massachusetts*, — U.S. —, 105 S.Ct. 2380, 85 L.Ed.2d 728.

This Court's decision is also in accord with thoughtful discussions of the preemption/insurance regulation issue in cases cited by the Plaintiffs. *See Eversole v. Metropolitan Life Insurance Co.*, 500 F.Supp. 1162 (C.D.Cal.1980); *McLaughlin v. Connecticut General Life Insurance Co.*, 565 F.Supp. 434 (N.D.Cal.1983); *Anderson v. Connecticut General Life Insurance Co.*, No. Jg80–0136(R) (S.D.Miss.1981). As the Court stated in *Eversole* after analyzing the statute and pertinent case law:

> The rule that emerges ... is that any law directly regulating an employee benefit plan is preempted, but laws regulating an insurance company or policy purchased from an insurance company are saved from preemption. It is therefore

the ruling of this court that ERISA does apply to plaintiff's plan but her state law claims against Metropolitan are not preempted. The court recognizes the difficulties which are and will be encountered by insurance companies, such as defendant, who are subject to the dual obligations of state and federal law when they assume the responsibilities of an ERISA fiduciary; but the Congressional concern for uniformity of regulations appears to have been limited to the plans and did not extend to the insurers. Thus, the result announced herein is necessary to harmonize the divergent goals of ERISA's preemption provisions: to establish uniform regulation of employee benefit plans while simultaneously maintaining the ascendency of state regulation of insurance matters. Further clarification is needed, but that must come from the source of the legislation.

*Eversole*, 500 F.Supp. at 1170. Further clarification of the scope of the insurance saving clause has now been provided by the Supreme Court in *Metropolitan Life Insurance Co. v. Massachusetts*, which indicates that the expansive approach taken by the Court in *Eversole* was correct.[1] *See Metropolitan*, — U.S. at —, 105 S.Ct. at 2389, 85 L.Ed.2d at 741.

Defendants cite many cases in which state law claims have been preempted by ERISA, most of which do not deal with insurance or insurance companies. *See, e.g., Delisi v. United Parcel Service*, 580 F.Supp. 1572 (D.Pa.1984); *Brown v. Retirement Committee of Briggs & Stratton Retirement Plan*, 575 F.Supp. 1073 (E.D. Wis.1983). In those cases cited by Defendant which do raise state law claims bearing on insurance, the decisions do not reflect that the effect of the insurance saving clause was raised or considered. *See, e.g., Russell v. Massachusetts Mutual Life Insurance Co.*, 722 F.2d 482, 493 (9th Cir.

---

**1.** Noting that "[n]early every court that has addressed the question has concluded that laws regulating the substantive content of insurance contracts are laws that regulate insurance and thus are within the scope of the insurance saving clause," the Supreme Court cited *Eversole* in its opinion in *Metropolitan Life Ins. Co. v. Massachusetts*, — U.S. at —, n. 18, 105 S.Ct. at 2390, n. 18, 85 L.Ed.2d at 742, n. 18.

1983), *reversed* on other grounds, —— U.S. ——, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985). In fact, in *Dedeaux v. Pilot Life Insurance Co.,* Civil No. 580–0467(R) (S.D.Miss.1984), a case factually similar to that here, the Court considered itself bound to dismiss plaintiff's state law claims on the basis of precedent in the same circuit which did not deal at all with insurance,[2] *E.D. Hayden v. Texas-U.S. Chemical Co.,* 557 F.Supp. 382 (E.D.Texas 1983), but merely with a breach of the terms of the benefit plan. In the case at bar, the employer purchased a contract of insurance from an insurance company to fund its benefit plan. It is breach of that contract which is the subject of the state law claims in Count I, and for that reason the claims are not preempted.

### B. *Remand*

 This case was removed from Maine Superior Court on the basis of Defendant's petition, which asserted that the complaint stated claims under federal law (ERISA) and also that there was diversity of citizenship. Plaintiff moved to remand, but the motion was denied by the Magistrate on the grounds that ERISA preempted the state law claims asserted in the complaint. In light of the foregoing determination that Plaintiff's state law contract claims are not preempted, it is, as Defendant points out, necessary to reexamine the decision not to remand.

The original complaint asserted two claims for breach of contract, one for unjust enrichment or quasi contract, one for misrepresentation, and one for breach of fiduciary duty. These are all traditional state law claims which must be brought in state court unless they are pendent to federal claims or there is diversity of citizenship.[3] The Court has now determined that the contract claims have not been preempted by state law and would adopt the same analysis for the other asserted state law claims, since all of them are "based solely on [plaintiffs'] relationship with the insurer and the interpretation and enforcement of the insurance policy." *Eversole,* 500 F.Supp. at 1168.

Plaintiff now desires to remain in federal court and, in a revisionist interpretation of the complaint, asserts that both federal and state claims are asserted. That is plainly not the case. Nowhere does the original complaint mention ERISA or breach of federal law.[4] Plaintiff could have elected to bring similar claims under ERISA either in state or federal court, *see* 29 U.S.C. § 1132, but chose not to. As Moore has stated, "where plaintiff's claim involves both a federal ground and a state ground, the plaintiff is free to pitch his claim on the state ground." 1A *Moore's Federal Practice,* ¶ 1.60 at 185 (1979); *See La Chemise Lacoste v. Alligator Co.,* 506 F.2d 339 (3d Cir.1974); *Eversole v. Metropolitan Life Insurance Co., Inc.,* 500 F.Supp. at 1162. That Plaintiff chose to do so is clear from her vigorous prosecution of her motion to remand.[5]

 The fact that Plaintiffs have amended their complaint cannot bring them within the jurisdiction of this Court, for it has long been the law that jurisdiction on removal is to be determined on the basis of the complaint at the time the petition for

---

**2.** The Court is aware that *Dedeaux* was decided by the same judge who decided *Anderson,* an almost identical case. While *Anderson* includes a thoughtful discussion of the ERISA insurance exception issue, *Dedeaux,* which implicitly overrules it, appears wrongly decided on the basis of inapplicable precedent. Since decisions from the Southern District of Mississippi are not binding on this Court, it may choose and apply the reasoning it finds most persuasive even though the same judge authored the competing rationales.

**3.** It is clear that Plaintiff Lessard, the only named plaintiff in the original complaint, could

not assert a claim in this Court based on diversity of citizenship, for she did not meet the requisite jurisdictional amount. 28 U.S.C. § 1332(a).

**4.** Although, as Plaintiff suggests, the complaint alleges that Metropolitan took Social Security benefits, the claim asserted does not deal with Social Security law, but with breach of contract.

**5.** Although Plaintiffs now assert that there is concurrent jurisdiction in federal and state courts, that jurisdiction only applies if the federal claims are asserted.

removal is filed. *Pullman v. Jenkins*, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939). This is not a case governed by 28 U.S.C. § 1653 where there is a defective allegation of jurisdiction that may be amended. As discussed above, the original complaint, by choice, did not assert a federal claim.

Since the claims of the original complaint were not preempted and there is no other basis for federal jurisdiction, this case was improvidently removed and must be remanded. 28 U.S.C. § 1447(c). Unfortunately, all actions taken in this case by this Court were taken without jurisdiction.

Accordingly, it is ORDERED that this case be, and it is hereby, REMANDED to the Maine Superior Court from which it was removed. All orders entered in this case are hereby VACATED.

So ORDERED.