Donald G. ISON, et al.,

v.

BENHAM COAL, INC., et al.

Civ. A. No. 85–320.

United States District Court,
E.D. Kentucky,
at London.

March 31, 1987.

Sherry Brashear, Goss, Chappell & Brashear, Harlan, Ky., for plaintiffs.

Edwin Hopson, Wyatt, Tarrant & Combs, Louisville, Ky., for defendants.

## MEMORANDUM

SILER, Chief Judge.

This case comes before the Court on both parties' motions for summary judgment. The parties have raised several issues in their motions, but the Court will only address three of these issues in its Memorandum. After considering the record, the Court will grant defendants' motion and will grant plaintiffs' motion in part and deny it in part.

## STATUTE OF LIMITATIONS

■ Plaintiffs commenced this action under 29 U.S.C. Section 185(a) of the Labor-Management Relations Act (LMRA). Section 185(a) does not set forth an express statute of limitations. Thus, the Court must " 'borrow' the most suitable statute or other rule of timeliness from some other source." *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 158, 103 S.Ct. 2281, 2287, 76 L.Ed.2d 476 (1983).

Defendants argue that the instant case involves a claim for unfair labor practices by an employer because plaintiffs are alleging that defendants have refused to arbitrate their grievance which they feel is valid. Defendants' state that 29 U.S.C. Section 160(b), which provides a six-month statute of limitations, is the appropriate statute to apply in this case in light of the Supreme Court's decision in *DelCostello*.

Plaintiffs claim that the present case is a suit to enforce a labor contract, and not a case involving unfair labor practices. Plaintiffs state that the Kentucky statute of limitations for actions based upon written contracts, which provides a fifteen-year statute of limitations, applies to this action under *International Union of Auto Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966).

Plaintiffs in their Amended Complaint allege that defendants violated the labor agreement and arbitration award; plaintiffs demand that defendants be held liable for Benham Coal Inc.'s violation of the labor contract, and ask the Court to require defendants to abide by the labor contract. Plaintiffs' claim is not, as defendants argue, that the employer failed to process the union's grievance, but, instead, it involves a claim for breach of the labor agreement and arbitration award.

*DelCostello* is not applicable to this case. The holding in *DelCostello* applies in a "hybrid Section 301" action, *i.e.*, an action by an employee against both his employer for unfair labor practices and his union for inadequate representation. Where a case is one strictly for breach of a collective bargaining agreement, *Hoosier* still applies. *Farr v. H.K. Porter Co., Inc.*, 727 F.2d 502 (5th Cir.1984); *see DelCostello*, 462 U.S. at 163, 164, 103 S.Ct. at 2289, 2290. *Hoosier* was a case which involved the Union's claim that the employer had breached the collective bargaining agreement by refusing to pay accumulated vacation salary to terminated employees. The Supreme Court in holding that the state statute of limitations regarding actions for unwritten contracts governed the case, stated:

> The present suit is essentially an action for damages caused by an alleged breach of an employer's obligation embodied in a collective bargaining agreement. Such an action closely resembles an action for breach of contract cognizable at common law.

383 U.S. at 705, n. 7, 86 S.Ct. at 1113, n. 7.

Thus, as this is a case where the union is claiming that the employer breached the labor agreement by failing to pay accumulated vacation pay to its employees, *Hoosier* is squarely applicable to the case at bar. K.R.S. 413.090, which provides a fifteen-year limitations period for actions relating to written contracts, is applicable, so the present action is timely filed within the limitations period.

The case of *Teamsters Union Local 315 v. Great Western Chemical Company*, 781 F.2d 764 (9th Cir.1986), is inapplicable. *Great Western* involved a union's action to compel arbitration. The case at bar is not a suit to compel arbitration. Further, the Court simply disagrees with *Delisi v. United Parcel Service, Inc.*, 580 F.Supp. 1572 (W.D.Penn.1984), to the extent that it holds that all Section 185 actions are governed by a six-month limitations period.

## EXHAUSTION OF REMEDIES

Defendants contend that plaintiffs haved failed to exhaust their grievance/arbitration remedies, and, therefore, they are barred from bringing this suit. Both parties agree that it is necessary to exhaust contract grievance procedures prior to initiating a section 301 action. However, plaintiffs contend that they fall within several of the limited exceptions to this rule.

■ Plaintiffs first contend that the company refused to process their grievance, and, thus, arbitration was rendered futile. After perusing the Labor Agreement, the Court finds that there was nothing prohibiting plaintiffs from initiating the arbitration process themselves. The situation being such that plaintiffs did not even attempt to begin the arbitration process on their own, plaintiffs cannot now be heard to argue that arbitration was rendered futile by defendants.

■ Second, plaintiffs contend that arbitration was not the exclusive remedy available to plaintiffs. To uphold this argument, plaintiffs cite Section 1 of Article XII, page 26 of the Labor Agreement which states "that wages shall not be a subject of arbitration." Plaintiffs then contend that vacation pay falls within the category of "wages," and, thus, is not subject to arbitration. The Court, however, does not feel that disputes concerning the prorating of vacation pay fall within the scope of this provision.

■ Last, plaintiffs argue that this matter was not within the scope of the grievance procedures. Plaintiffs contend that the grievance filed by the union was an attempt to enforce the arbitrator's opinion of March 2, 1984. As such, plaintiffs argue that enforcement of awards are to some extent outside the scope of the remedies provided in the labor contract.

The Court does not agree with the plaintiffs' characterization of the arbitrator's March 2, 1984, award. Plaintiffs contend that when the president of the union, Wayne Lewis, protested the company's proration of vacation benefits by filing the grievance which led to the Award of March 2, 1984, he was asserting the grievance for all union members. However, a reading of the grievance filed by Lewis shows that it

was an *individual* grievance filed solely on Lewis' behalf. The award issued by the arbitrator stated that *"Grievant* is awarded a monetary award equal to 15.167 times his day wage rate as of January 1, 1983, less any vacation benefits previously received for calendar year 1982." (Emphasis added). Thus, it is clear that the arbitrator's award treated the grievance as an individual one. Therefore, when the Union filed its grievance, it was not attempting to enforce the arbitrator's award of March 2, 1984, but was instead filing its own grievance on behalf of the other Union members whose vacation pay had been prorated. Thus, plaintiffs' argument that this matter was not within the scope of the grievance procedure is without merit.

As earlier stated, the general rule is that it is necessary to exhaust contract grievance procedures prior to initiating a section 301 action. *Republic Steel Corp. v. Maddox,* 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965). It appearing that plaintiffs have failed to exhaust the grievance procedures prior to bringing the instant action, the Court will grant defendants' motion for summary judgment.

ATTORNEY'S FEES

■ Plaintiffs in their motion for summary judgment state that if defendants prevail in this action, they are not entitled to attorney's fees. In defendants' answer to the complaint, defendants seek a "reasonable attorney's fee." The Labor-Management Act does not authorize an award of attorney fees to a successful party in a section 301 action. The absence of such authorization has been deemed to bar such an award. *Anchor Motor Freight, Inc. v. International Brotherhood of Teamsters,* 700 F.2d 1067 (6th Cir.1983). Accordingly, the Court will grant plaintiffs' motion for summary judgment on this issue.