**METROPOLITAN INSURANCE COMPANIES, Appellant,**

v.

**Claude P. SMITH, Appellee.**

Court of Appeals of Kentucky.

April 10, 1987.

Discretionary Review Denied by Supreme Court June 23, 1987.

William J. Toppeta, John L. Viola, New York City, Jack T. Page, Pikeville, for appellant.

W. Sidney Trivette, Pikeville, for appellee.

Before HOWERTON, C.J., and COMBS and HAYES, JJ.

HOWERTON, Chief Judge.

Metropolitan Insurance Companies (Metropolitan) appeals from a decision of the Pike Circuit Court which remanded Smith's claim for disability benefits to Metropolitan for another review. We disagree and reverse.

Claude Smith was an employee of Robert Coal Company. As such, Smith was covered under an insurance plan which is a welfare benefit plan under the Employee Retirement Income Security Act (ERISA). The insurance plan provides, among other things, for long-term disability insurance benefits through a group insurance policy issued by Metropolitan. Smith commenced employment as an assistant purchasing agent with Robert Coal Company on January 17, 1977. In November 1981, Smith suffered a severe heart attack, and on May 10, 1982, he underwent triple bypass surgery. In August 1982, Smith's physician, Dr. Alonso, advised him that he could try to work. On December 27, 1982, Smith returned to work at Robert Coal Company and continued there until the plant closed on February 14, 1983. On August 17, 1983, Dr. Alonso concluded that Smith "was totally and permanently disabled to be engaged in any gainful work."

Metropolitan requested that an independent medical examination of Smith be performed. On March 16, 1984, Smith was examined by Dr. Malik. Dr. Malik stated that while Smith "should avoid any occupation involving excessively strenuous physical activity ... [Smith] could be employed in a position where he does not have to lift heavy objects or perform other strenuous activity." Metropolitan also submitted the data on Smith to Crawford Rehabilitation Services for an evaluation of his capacity to engage in substantial gainful activity. In August 1984, Crawford found that considering his education, training and experience, Smith retained the functional capacity to perform sedentary jobs. Accordingly, Metropolitan found that Smith was not "totally disabled" and denied his application for pension benefits.

Smith filed a complaint in the Pike Circuit Court which found that the denial of Smith's application was made without findings for the court to review; that Dr. Malik had failed to perform an angiogram; and that the evidence does not reflect that the angiogram conducted by two other physicians was considered by Metropolitan. Accordingly, the court remanded the case to Metropolitan for a full review. Metropolitan appeals.

■ Metropolitan argues that the court erred in failing to apply the appropriate standard of review. We agree. In enacting ERISA, Congress preempted state law concerning the administration of employee benefit plans. *Shaw v. Delta Air Lines,* 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). Both parties agree that the employee benefit plan involved in this case falls within ERISA. Under 29 U.S.C. § 1002(21)(A), § 1133, Metropolitan is a "fiduciary." As such, in reviewing the actions of a fiduciary in administering claims under an ERISA plan, the fiduciary's determination is to be upheld unless found to be arbitrary and capricious. *Moore v. Reynolds Metals Co. Retirement Program,* 740 F.2d 454 (6th Cir.1984), *cert. den.* 469 U.S. 1109, 105 S.Ct. 786, 83 L.Ed.2d 780 (1985). Under the arbitrary and capricious standard, "the reviewing court is to consider whether the decision is based on a consideration of relevant factors and whether there has been a clear error of judgment." *LeFebre v. Westinghouse Electric Corp.,* 747 F.2d 197, 207 (4th Cir.1984). A reviewing court may not substitute its judgment for that of the fiduciary. *Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971).

■ The circuit court remanded the case to Metropolitan to "conduct a full review, giving the plaintiff a chance to testify fully in writing or orally, and issue a new decision which would comport with due process and which the court could review on the basis of substantial evidence." We have reviewed the evidence and the record, and we must conclude that Metropolitan did review all of the available factors, including the angiogram, which was reviewed by Dr. Malik. Its decision was not clearly erroneous nor arbitrary and capricious. The Pike Circuit Court erred by ordering a remand for a rehearing.

In denying Smith's application, Metropolitan stated:

We have considered all the medical information on record along with the claimant's education, training and experience. *This medical information includes the results of various tests rendered on August 1983 at the request of Dr. Alonso* and the report from Dr. Malick (sic), an independent medical examiner in his evaluation of tests performed March 16, 1984. This medical evidence indicates that though Mr. Smith should avoid excessive strenuous physical activity, he could perform jobs with physical demands within his functional capacity. He therefore does not satisfy the definition of total disability as defined above and we must uphold the previous termination of his claim. (Emphasis added.)

We find this sufficient.

Under 29 U.S.C. § 1133, findings of fact are not required. 29 U.S.C. § 1133 states:

In accordance with regulations of the Secretary, every employee benefit plan shall—

(1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant. . . .

In *Brown v. Retirement Committee of Briggs & Stratton Retirement Plan,* 575 F.Supp. 1073 (E.D.Wis.1983), the court reversed the denial of plaintiff's application for benefits stating: "The letter advised plaintiff that '[a]ccording to medical information and subsequent investigation, you are not totally and permanently disabled.' The letter did not inform plaintiff of the specific information the retirement committee had relied upon in reaching its decision, or how plaintiff might correct evidentiary deficiencies." *Brown,* at 1075. In the present case, Metropolitan set forth the factors considered, i.e., education, training,

and experience, and specifically set forth the medical evidence relied upon in reaching its decision. The test is whether the decision was arbitrary and capricious. *Weir v. Anaconda Co.*, 773 F.2d 1073 (10th Cir.1985).

The evidence before Metropolitan consisted of the following: (1) Dr. Alonso's opinion (Smith's physician) given in August 1982 that Smith was not totally disabled and could return to work; (2) the fact that Smith worked for approximately six weeks with no complaints to his physician or his employer; (3) the social security administration's four-time denial of disability benefits based on medical and vocational evidence; (4) Crawford's vocational assessment of Smith that he could engage in gainful employment; (5) Dr. Malik's independent determination from all of the medical evidence that Smith was not totally and permanently disabled; and (6) Dr. Alonso and another physician's opinion in August 1983 that Smith was totally disabled. On the basis of the evidence, Metropolitan did not act arbitrarily and capriciously in denying Smith's claim.

The decision of the Pike Circuit Court is reversed and we remand this case to the circuit court to reinstate Metropolitan's decision.

All concur.